# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00077-CR

---

**Everardo Sanchez-Beiza, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 274TH DISTRICT COURT OF HAYS COUNTY
### NO. CR-19-3980-C, THE HONORABLE GARY L. STEEL, JUDGE PRESIDING

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant's court-appointed counsel has filed a motion to withdraw supported by a brief concluding that the instant appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel has certified to the Court that he provided copies of the motion and brief to appellant, advised him of his right to examine the appellate record and file a pro se response, and supplied him with a form motion for pro se access to the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). On December 13, 2023, appellant, through counsel, timely filed the motion, which we granted. The trial court has advised us that appellant was sent a copy of the record.

On June 3, 2024, appellant filed a motion for extension of time to file a pro se response to counsel's *Anders* brief.[1] The motion, which purports to have been written by appellant's cellmate, states that appellant "speaks limited [E]nglish and reads and writes none,"[2] that he had received the record and a letter from counsel but "did not know what they were" because "they were in [E]nglish," that appellant "contest[s] his appointed attorney[']s *Ander[]s* Brief," that he "asks the court to provide the appella[te] record in [S]panish," and that he "request[s] that correspond[e]nce[] be in Spanish so that he can read and understand" it. Appellant signed the motion beneath a jurat swearing under penalty of perjury that the motion's contents are true.

When an appellant requests pro se access to the record in an *Anders* case, the onus shifts to the court of appeals to ensure that his request is satisfied and that he has been given "access to, and an adequate opportunity to review, the appellate record." *Id.* at 320. After issuing an order specifying the procedure to be followed "so that all interested parties are on the same page," the court "must continue to monitor the situation and may not, in any event, rule on the validity of appellate counsel's motion to withdraw and *Anders* brief until it has satisfied itself that the appellant has been able to access the appellate record to prepare his response." *Id.* at 321–22; *see Snoke v. State*, 780 S.W.2d 210, 213 (Tex. Crim. App. 1989) ("If a defendant is to perfect a meaningful appeal, he must be denied neither the record nor the services of counsel merely because he cannot afford them.").

---

[1] A pro se response is not a merits brief but "merely an informal opportunity for the indigent defendant to present what he believes are claims or issues or areas of procedural or substantive concern that arguably deserve a full merits brief by a second attorney." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008).

[2] The trial court appointed an interpreter to assist appellant during the proceedings below.

Accordingly, in the interest of justice and to ensure the protection of appellant's rights to due process and a meaningful appeal, this appeal is abated and remanded to the trial court, which shall conduct a hearing attended by appointed counsel and inform appellant—through an interpreter if necessary—that counsel has filed an *Anders* brief concluding that there is no reversible error, that appellant has the right to file a pro se response, that appellant's response must be filed in this Court within 60 days of the hearing date, and that appellant may request additional time by filing a written motion with the Court. The trial court shall take any action that it deems necessary, including the appointment of a translator or interpreter, to guarantee that appellant has meaningful access to the appellate record and an adequate opportunity to prepare a pro se response if he so desires. *See* Tex. R. App. P. 43.6 (providing that "court of appeals may make any other appropriate order that the law and the nature of the case require"); *see also Tran v. State*, No. 01-94-00839-CR, 1995 WL 489153, at *1 (Tex. App.—Houston [1st Dist.] Aug. 17, 1995, no pet.) (order) (not designed for publication) (following similar procedure).

Following the hearing, which shall be transcribed, the trial court shall order the appropriate supplemental clerk's and reporter's records—including all appropriate findings, conclusions, and orders—to be prepared and forwarded to this Court no later than August 2, 2024. *See* Tex. R. App. P. 34.5(c)(2), .6(d) (authorizing supplementation of clerk's and reporter's records).

It is so ordered on July 3, 2024.

Before Chief Justice Byrne, Justices Smith and Theofanis

Abated and Remanded

Do Not Publish

3